THE METROPOLITAN NATIONAL BANK OF CHICAGO

*v.*

NOBLE JONES *et al.*

*Filed at Ottawa May 13, 1891.*

1. CERTIFYING BANK CHECK—*new undertaking—release of drawer.* If the holder of a bank check, instead of demanding its payment obtains its certification by the bank, he will thereby discharge the drawer of the check from all liability, and its presentment on the next business day after its issue and non-payment will not in any manner revive the drawer's liability. The rule is different when the drawer procures the certification of his check before its delivery to the drawee. In that case the drawer will be liable for non-payment on presentation.

2. By certification the bank enters into an absolute undertaking to pay the check when presented, at any time within the time fixed by the Statute of Limitations. The legal effect is the same as though the holder had received payment, and had deposited the money with the bank and taken a certificate of deposit therefor. After certification the bank is thereafter estopped to deny its possession of sufficient funds of the drawer to pay the check.

3. If the holder of a check waives his right to immediate payment by expressly asking for, or even by accepting the offer of, a certification by the bank, or even if the drawer has suggested or requested the arrangement, the assent of the payee or holder will acquit the drawer of all liability, and the holder must look to the bank alone for payment.

4. On certifying to a check drawn on a bank, it becomes entitled to, and if its business is properly conducted actually does, charge the amount of the check to the account of the drawer at the time of the certification, thus appropriating the drawer's funds, the same as if the check were paid.

5. If the holder, on presenting the check, instead of demanding and receiving payment has it certified and retains it in his possession, he thereby enters into a new and express contract with the bank not within the scope of the legal relations of the parties nor within the presumed intention of the drawer.

6. A bank, by certifying a check at the request of the payee or holder, becomes the principal and only debtor, and the holder, by taking a certificate of the check from the bank instead of requiring payment, discharges the drawer, and the check then circulates as the representative of so much cash in bank, payable, on demand, to the holder.

7. SAME—*assignment of sufficient sum to pay the check—effect of.* The giving of a check by a depositor in a bank operates, at least after presentment, as an assignment to the holder of a sufficient amount of the deposit to pay the check, and is therefore a definite appropriation of that sum to its payment, binding upon all the parties to the check.

8. SAME—*rights of holder—liability of bank and drawer.* A bank check being payable immediately and on demand, the holder can only present it for payment, and the bank can fulfill its duty to its depositor only by paying the amount demanded. The holder has no right to demand from the bank anything but payment of the check, and the bank has no right, as against the drawer, to do anything else but pay it.

9. A banker having funds of another on deposit, is the principal debtor to the payee or holder of a check drawn on such funds by the depositor, but the drawer is still liable at least as surety, and he is at liberty at any time, by paying and taking up the check, to re-invest himself with the legal title to the money on deposit.

10. SAME—*former decisions distinguished.* The rule laid down in *Bickford* v. *First Nat. Bank,* 42 Ill. 238, *Rounds* v. *Smith,* id. 245, and *Brown* v. *Leckie,* 43 id. 497, is not in conflict with this case. In these cases the drawer of the checks had them certified before their delivery, and this did not affect his liability in case of non-payment by the bank.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. HAMLINE, SCOTT & LORD, for the appellant:

The holder of checks drawn by a depositor on funds in bank may sue the bank for them in his own name. *Munn* v. *Birch,* 25 Ill. 35; *Fourth Nat. Bank* v. *City Nat. Bank,* 68 id. 402; *Insurance Co.* v. *Standford,* 28 id. 168.

The check operates to transfer the sum therein named to the payee, if the depositor has enough on deposit when presented. *Merchants' Nat. Bank* v. *Ritzinger,* 20 Bradw. 29; *Union Nat. Bank* v. *County Bank,* 80 Ill. 212; *Bank of America* v. *Banking Co.* 114 id. 492.

The giving of a check when the drawer has funds in bank is not ordinarily regarded as a payment. *Woodburn* v. *Woodburn,* 115 Ill. 430.

In this State *laches* is not imputed unless there has been unreasonable delay in presenting the check for payment and giving notice to the drawer. Even such *laches* as this merely puts the burden on the payee of showing that the failure to obtain payment of the check was through no fault of his, and that no damage accrued to the drawer by such delay. *Stevens* v. *Parks,* 73 Ill. 388; *Willets* v. *Payne,* 43 id. 433.

"Unreasonable delay" means that the check must not be presented for payment at the bank in which the same is drawn, later than during business hours of the next day after the receipt of the same, providing the bank is located in the same town in which the check is delivered. *Strong* v. *King,* 35 Ill. 9; *Bickford* v. *First Nat. Bank,* 42 id. 238; *Rounds* v. *Smith,* id. 245.

If certification and presentation for payment are one and the same, then the Statute of Limitations must begin to run against the liability of the bank from the time the check is certified. But it has been repeatedly held that the statute begins to run only from the time the check is presented for payment, and not from the time it is certified. *Merchants' Bank* v. *State Bank,* 10 Wall. 604; *Girard Bank* v. *Bank of Penn Township,* 30 Pa. St. 92; *Redetschler* v. *Kunkelman,* 17 Bradw. 343.

Presenting a check and having it certified is clearly not a demand for the money deposited. Its purpose is not to demand payment, but to obtain evidence that the sum mentioned in the check remains on deposit to answer the check when presented. *Bonet* v. *Smith,* 10 Fost. 267; *Mutual Nat. Bank* v. *Ratge,* 28 La. Ann. 934; *Anderson* v. *German Bank,* 9 Heisk. 211.

Procuring a certificate of the check by the holder is no release of the liability of the drawer. 2 Daniel on Neg. Inst. secs. 1603, 1604; 1 Morse on Banking, 382; *First Nat. Bank* v. *Leach,* 52 N. Y. 350; *Essex County Nat. Bank* v. *Bank of Montreal,* 7 Biss. 197.

Messrs. RUNYAN & RUNYAN, for the appellees:

If the holder of a check presents it, and instead of demanding payment, which alone the drawer directs him to do, and which alone the drawer suggests shall be made partially by consent to accept the certification by the bank, then the drawer is absolved from further liability. Morse on Banking, (2d ed.) 311.

The payee or holder of the check, by procuring the acceptance or certificate of the drawee, takes the latter as his debtor, and absolutely releases the drawer. Morse on Banking, 313; Bolles on Banks, sec. 236 a, p. 239; Daniel on Neg. Inst. secs. 1601, 1604; *First Nat. Bank* v. *Leach*, 52 N. Y. 350; *Bank* v. *British North America*, 82 id. 6.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was a suit in assumpsit, brought by the Metropolitan National Bank of Chicago against Noble Jones, Edward S. Jones and Walter Metcalf, copartners doing business under the firm name of Noble Jones, to recover the amount of a bank check for $1540, drawn by the defendants on the Traders' Bank of Chicago, payable to the order of the plaintiff. The defendants pleaded *non assumpsit*, and on trial before the court, a jury being waived, the issues were found for the defendants, and the court, after denying the plaintiff's motion for a new trial, gave judgment in favor of the defendants for costs.

The facts appear by stipulation, and are, in substance, as follows: On the 1st day of October, 1888, after the commencement of banking hours in the morning of that day, the defendants being indebted to the plaintiff in the sum of $1540, gave to the plaintiff their check on the Traders' Bank of Chicago as follows:

"*Edw. S. Jones.*          *Noble Jones.*          *Walter Metcalfe.*

   "$1540.          CHICAGO, COOK Co., ILL., *Oct. 1, 1888.*

   "Pay to the order of Metrop. Nat'l Bank fifteen hundred and forty dollars.          NOBLE JONES.

"To Traders' Bank, Chicago, Ill.—No. 18,828."

On the same day and during banking hours, the plaintiff sent said check by one of its collectors to the Traders' Bank and asked said bank to certify it, which was done by writing across the face of it as follows: "Certified. 10 / 1, 1888. Traders Bank of Chicago. Charles G. Fox." The next morning, during banking hours but before clearing-house hours, the plaintiff sent said check by its collector to the Traders' Bank and presented it for and demanded payment, which was refused. Thereupon, on the same day, and during banking hours, the plaintiff protested said check for non-payment, and sent notice of dishonor to the defendants. On the morning said check was presented for payment, and before it was presented, and before clearing-house hours, the Traders' Bank became insolvent and suspended payment, and its assets were subsequently placed in the hands of a receiver who has since had possession thereof. Said receiver has paid the creditors of said bank dividends at different times, those paid to the plaintiff amounting to $693, leaving a balance, principal and interest, due on said check at the time of the trial of $961.70. At the time said check was drawn at the time it was certified, and at the time payment was demanded, the defendants had sufficient funds in the Traders' Bank to their credit to pay the check, and if payment had been demanded instead of certification, said bank would have paid it.

Upon these facts, the counsel for the plaintiff submitted to the court the following proposition to be held as the law in the decision of the case, which was refused:

"The court holds as a proposition of law, that when the holder of a check drawn upon a bank situated in the same city

as the holder, on the day of its issue takes said check to said bank and asks said bank to certify said check, which said bank certifies by marking 'certified' on the face thereof, and the day following, during bank hours, presents said check to said bank for payment, and the bank refuses payment thereof, having become insolvent and passed into the hands of a receiver before banking hours of said day, and the holder of said check at once, and during banking hours of said day, gives notice of such dishonor to the drawer of said check, said certification does not release the drawer of said check, although at the time of the making and certification of said check the drawer had sufficient funds to his credit in said bank to pay the same, and if payment had been demanded by the holder instead of certification, such bank could not have refused to pay the same."

The only question presented by this appeal is the one raised by the foregoing proposition, viz, whether the plaintiff, by obtaining certification of said check, released the drawers. A check being payable immediately and on demand, the holder can only present it for payment, and the bank can fulfil its duty to its depositor only by paying the amount demanded. In other words, the holder has no right to demand from the bank anything but payment of the check, and the bank has no right, as against the drawer, to do anything else but pay it. It follows that there is no such thing as acceptance of checks in the ordinary sense of the term, for acceptance ordinarily implies that the drawer requests the drawee to pay the amount at a future day, and the drawe "accepts" to do so, thereby becoming the principal debtor, and the drawer becoming his surety. Daniel on Negotiable Instruments, sec. 1601. If then the holder, on making presentment of the check, instead of demanding and receiving payment, has the check certified and retains it in his possession, he enters into a new and express contract with the bank not within the scope of the legal relations of the parties nor within the presumed intention of

the drawer. By certification the bank enters into an absolute undertaking to pay the check when presented at any time within the period prescribed by the Statute of Limitations. The transaction as between the holder and the bank, is substantially the same, in legal effect, as though the holder had received payment and had deposited the money with the bank and received a certificate of deposit therefor. The liability of the bank, after certification, is independent of the question of its possession of the requisite amount of funds of the drawer, it being, by the act of certification, estopped to deny the possession of sufficient funds.

Another result of the transaction is, that the bank thereby becomes entitled to, and if its business is properly conducted actually does, charge the amount of the check to the account of the drawer at the time of the certification, thus in reality appropriating to the payment of the check the necessary amount of the money on deposit to the credit of the drawer, precisely the same as though the check were paid. As between the bank and drawer, certification has the same effect as payment, the funds representing the amount of the check being just as effectually withdrawn from the control of the drawer, and the indebtedness from the bank to the depositor created by the deposit being just as effectually satisfied to that amount in one case as in the other.

The question whether this change in the rights and relations of the parties should be held to discharge the drawer from further liability on the check has not, so far as we are aware, ever been before this court for decision, but the great weight of authority, as found in the decisions of courts of other jurisdictions and in the treatises of law writers of the greatest learning and ability, is in favor of the conclusion that the drawer is discharged. Mr. Daniel, in the section of his treatise above cited lays it down as the rule that, the bank by certifying the check, becomes the principal and only debtor; that the holder, by taking a certificate of the check from the bank, instead of

requiring payment, discharges the drawer, and that the check then circulates as the representative of so much cash in bank payable on demand to the holder.

The question is very elaborately and learnedly discussed in 1 Morse on Banking, (3d Ed.) sec. 414, *et sequitur*, and the same conclusion reached, the following being a portion of the reasoning there adopted: "The drawer can no longer sue, though the bank should finally refuse to pay the check, for he has originally only a right to demand that the check shall be duly paid on presentment, and his action lies for the damage resulting to him or to his credit from not having his debt duly discharged in the manner he has led his creditor to suppose would be sufficient. But if the holder waives his right to immediate payment, by expressly asking for or even by accepting the offer of a certification by the bank, it follows that since his act acquits the debt due him from the drawer, the drawer can thereafter have no cause or basis whatsoever on which to sue. The matter is voluntarily taken out of his hands by the other parties, who make their arrangements to suit their own convenience. Even if the drawer has suggested or requested the arrangement, the assent of the payee and holder must be regarded as at his sole risk. He is not obliged to take the bank's promise in place of the drawer's indebtedness. The promise of the bank on the drawer's account, accepted as satisfactory by the creditor, discharges the debtor, and at the same time deprives him of all further concern or possible right of action in the premises." See also Tiedeman on Commercial Paper, sec. 436.

This question was before the Court of Appeals of New York in *First National Bank of Jersey City* v. *Leach*, 52 N. Y. 350, and it was there held that, where a holder of a check presents it and procures it to be certified by the bank instead of being paid, such certification is, as between the holder and the drawer, a payment, and discharges the drawer from liability. In discussing the grounds upon which their decision is based

the court say: "When the drawee accepts, it is an appropriation of the funds, *pro tanto*, to the service and use of the payee or other person holding the bill, so that the amount ceases henceforth to be the money of the drawer, and becomes that of the payee or other holder in the hands of the acceptor. It is entirely clear that the acceptance of a time draft, before due, does not operate as a payment as respects the drawer. Its only effect is to make the acceptor the primary party to pay the draft. But the parties to a certified check, due when certified, occupy a different position. There the money is due and payable when the check is certified. The bank virtually says that the check is good; we have the money of : . . . . . . the drawer here ready to pay it. We will pay it now if you will receive it. The holder says no, I will not take the money; you may certify the check and retain the money for me until this check is presented. The law will not permit a check when due to be thus presented and the money to be left with the bank for the accommodation of the holder, without discharging the drawer. The money being due and the check presented, it is his own fault if the holder declines to receive the pay, and for his own convenience has the money appropriated to that check, subject to its future presentment at any time within the Statute of Limitations." See also *Essex County National Bank* v. *Bank of Montreal*, 7 Bissell, 193.

It seems to us very clear, both upon principle and authority, that the plaintiff in this case, by obtaining certification of their check, discharged the defendants from all liability thereon as drawers, and that the subsequent presentment of the check for payment, though on the next business day after the check was issued, did not revive or in any manner affect the defendants' liability.

But it is said that a different rule was laid down by this court in *Bickford* v. *First National Bank of Chicago*, 42 Ill. 238, *Rounds* v. *Smith*, id. 245, and *Brown* v. *Leckie*, 43 id. 497. It will be found, on examination, that in each of those cases,

certification of the check was obtained by the drawer before delivery to the payee, and that no presentment was made by the holder until made in due course for payment. It is easy to see that an essentially different rule should apply in a case of that kind. The fact that the drawer, before delivering the check, gets the bank to certify it, in no way changes its essential nature as a check, or affects the drawer's liability in case, on due presentation for payment the paper is dishonored. The reasoning of the opinions in the above mentioned cases should be restricted in its application to the facts appearing in those cases, and as applied to those facts it is doubtless correct and should be followed. But it can not, and as we may assume was not intended to, apply to cases like the present where the holder has himself made presentment of the check, and instead of receiving payment as he might and should have done, has chosen rather to accept, in lieu of payment, an express executory agreement by the bank to pay the check to the holder when presented for payment at any time thereafter.

Much effort is made by counsel to show that, to be consistent with the doctrine established by the case of *Munn* v. *Burch,* 25 Ill. 35, and in the numerous cases in which that decision has been followed, we must hold that the defendants were not released from liability by the certification of the check. In *Munn* v. *Burch,* we held, contrary to the rule recognized in many of the States, that a depositor, by delivering to another his check on his banker for value, transfers to the payee of the check and his assigns, so much of the deposit as the check calls for, and that on presentation of the check for payment, the banker becomes liable to the holder for that amount, provided the drawer has on deposit at the time a sufficient sum applicable to that purpose to pay the check. Accordingly, if the banker refuses to pay the check on presentment, he becomes liable to an action by the holder to recover its amount. It follows that the giving of the check becomes, at least after presentment, an assignment to the holder of a sufficient amount

of the deposit to pay the check, and therefore a definite appropriation of that sum to its payment binding upon all the parties to the check.

The argument sought to be made, if we understand it, is, that the certification of the check is a no more effectual appropriation of the fund on deposit to the payment of the check than was already made by the act of the drawer in giving the check, and therefore that one of the chief grounds upon which the rule adopted in other States that certification releases the drawer is based, fails or is inapplicable here. If the mere fact of such appropriation, however made, is the test by which to determine whether the drawer has been released or not there may be force in the argument. We do not understand, however, that such is the case. Some of the authorities, it is true, allude to and dwell upon that circumstance as possessing very considerable significance, but we do not understand that any of them make it the test or basis of the rule.

The rule laid down in *Munn* v. *Burch* is based upon the implied agreement on the part of the banker to pay out the money deposited to the holders of the depositor's checks at such times and in such sums as the depositor sees fit, by his checks, to order, and such agreement is held to be so far available to the holder of the depositor's check as to enable him, after the check has been duly presented for payment and payment refused, to bring suit against the banker in his own name and recover the amount of the check. The banker, as the result of his implied agreement, becomes the principal debtor, but the drawer is still liable at least as surety, and is at liberty at any time, by paying and taking up the check, to reinvest himself with the legal title to the money on deposit. The appropriation of the fund then, so far as any definite appropriation of it can, under the circumstances, be said to be made, is only conditional, and follows in strict accordance with the terms of the contract between the parties, and must

be regarded as one of the consequences contemplated by them at the time the check was drawn.

But where the holder of the check, on presenting it to the banker, instead of demanding and receiving payment, as the parties contemplated and as is his legal duty, requests and obtains certification and retains the check in his own hands, wholly different rights are obtained and consequently different rules of law are applicable. The appropriation of the deposit to the payment of the check then becomes absolute, and the holder enters into new contractual relations with the banker, not contemplated or authorized by the drawer, and which place the fund appropriated wholly beyond his control and out of his reach.

Even viewing the drawer as a surety, the new contract between the creditor and the principal debtor, affecting as it does the character of the debt and the time and manner of payment, should of itself be held, upon well settled principles of law, to be sufficient to discharge his liability as surety. But whether the decision of the case should be placed upon this ground or not, the presentment of the check for payment and its dishonor on the one hand, and its presentment and certification on the other, involve legal rights and invoke the application of legal rules so essentially different, that the doctrine of the case of *Munn* v. *Burch,* which is controlling where payment is demanded and refused, can have no relevancy to or controlling effect, even by analogy, in a case where the holder gets the check certified.

We are of the opinion that no error was committed in refusing to hold the proposition submitted by the plaintiff as the law in the decision of the case, and that the Appellate Court properly affirmed the judgment. The judgment of the Appellate Court will accordingly be affirmed.

*Judgment affirmed.*