## Marcus Zinner v. National Bank of Illinois.

1. CHECKS—*What is a Valid Transfer.*—Appellant drew a check upon the banking house of H. S. & Co., and delivered it to the Merchants Nat. Bank in payment of a note. The Merchants Nat. Bank stamped on the back of the check: " Paid through Chicago Clearing House June 3, 1893, to the Merchants Nat. Bk.," and through the clearings of that day it came to the appellee and was paid. *It was held,* that the stamp put on the check by the Merchants Nat. Bank was intended as a transfer of the check to the appellee. The banking house of H. S. & Co. having failed, appellee recovered the amount of the check from appellant.

2. SAME—*Indorsements.*—An indorsement may be made by any form of words or characters intended to so operate.

Memorandum.—Assumpsit upon a check. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed May 28, 1894.

The opinion states the case.

APPELLANT'S BRIEF, STEIN & PLATT, ATTORNEYS.

Plaintiff can not recover in its own name, on an instrument drawn to the order of a third party, unless the in-

strument had been properly transferred to plaintiff by indorsement. Ryan v. May, 14 Ill. 49.

The words stamped on the back of the instrument in suit here, " Paid through Chicago Clearing House, June 3, 1893, to the Merchants National Bank, " are not such an indorsement as to transfer the legal title to the plaintiff.    Simpson v. Ranlett, 2 Gilm. 312; Gibson v. Minet, 1 H. Bl. 605.

Such words constitute a mere receipt, and have no other effect.    Keene v. Beard, 8 C. B. (N. S.) 382; Morse on Banking, Sec. 391; White v. Fisher, 62 Ill. 258.

Plaintiff, in an action at law on a negotiable instrument, can claim no rights depending on the equitable doctrine of subrogation.    Meyer v. Mintonye, 106 Ill. 414; Rossa v. Crist, 17 Ill. 450; Garfield v. Barry, 5 Brad. 355; Best v. Nokomis Bank, 76 Ill. 608.

The transfer of a negotiable instrument occurs only when both buyer and seller intend a contract of sale at the time of transfer.    Edwards on Bills, Sec. 729; Lancey v. Clark, 64 N. Y. 209; Eastman v. Plumer, 32 N. H. 238; Merrimac Bank v. Parker, 7 Pick. 88; Moran v. Abbey, 63 Cal. 56; Binford v. Adams, 104 Ind. 41.

Herman Schaffner & Co. were primarily liable and the defendant only secondarily liable on this check.    Bickford v. Bank, 42 Ill. 238; Morse on Banking, Sec. 415; Daniel Neg. Inst., Sec. 532; Drovers Bank v. Provision Co., 117 Ill. 100; Metropolitan Bank v. Jones, 137 Ill. 634.

The check was paid by plaintiff without request from the defendant, and therefore plaintiff can not recover.    Ricketson v. Giles, 91 Ill. 154; White v. White, 30 Vt. 338.

APPELLEE'S BRIEF, MORAN, KRAUS & MAYER, ATTORNEYS.

The drawer of a check having it certified before delivery, in no way diminishes the drawer's primary liability in case of non-payment by the bank upon which it is drawn.    Continental Nat. Bank v. Cornhauser, 37 Ill. App. 475; Metropolitan Natl. Bank v. Jones, 137 Ill. 634; Rounds v. Smith, 42 Ill. 245; Brown v. Leckie, 43 Ill. 497; Randolph Natl. Bank v. Hornblower et al., 35 N. E. Rep. 850.

In this respect there can be no difference between an uncertified and a certified check; non-payment by the bank of either leaves the drawer primarily liable. Bickford v. First Natl. Bank, 42 Ill. 238.

The stamp upon the back of the check in question, both in point of law and fact, constitutes an indorsement or assignment, sufficient to transfer to the appellee the rights of the Merchants National Bank, the payee of the check. Brown v. Butcher's Bank, 6 Hill (N. Y.), 443; Simpson v. Ranlett, 2 Gilm. (Ill.) 312; Church v. Barlow, 9 Pick. 547; 1 Daniel on Neg. Inst., Sec. 688 b, *et seq.* (4th Ed.)

The members of the clearing house association could make any rule which they chose to control their own business dealings, and could agree upon any mark or stamp which they might consider and treat as an indorsement, which would bind the parties on such check. Gindrat v. Mech. Bk., 7 Ala. 333; Bank of Utica v. Smith, 18 Johns. 230; Brown v. Butcher's Bank, 6 Hill (N. Y.), 443; Marrett v. Brackett, 60 Me. 524; Halsey v. Brown, 3 Day, 347; Renner v. Bank of Col., 9 Wheat. 582; Overman v. Hoboken City Bank, 1 Vroom (N. J.), 61.

Appellee occupies the position of an indorsee or assignee of the check in question, and the fact that it had given a guaranty to the Merchants National Bank, in no way impairs or affects its right to recourse against the drawer. Appellee did not guarantee the payment of the check to appellant, and appellant would have had no action against appellee thereon. Bishop v. Rowe, 71 Me. 263; Pacific Bank v. Mitchell, 9 Met. 297; McGregory v. McGregory, 107 Mass. 543; Pinney v. McGregory, 102 Mass. 186; Sheldon on Subrogation, page 285; Swope v. Leffingwell, 72 Mo. 348.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action by the appellee upon a check drawn by the appellant upon the banking house of Herman Schaffner & Co., and by them certified while it was still in his own hands.

He delivered it to the Merchants National Bank in pay-

ment of a note. The Merchants Bank held the guaranty of the appellee in these words:

"Illinois Bank Building, 115 Dearborn street.

Chicago, February 15, 1886.

John C. Neely, Esq., Cashier, City.

*Dear Sir:* This bank hereby holds itself accountable for payment on presentation in the regular course to it of any and all checks or drafts drawn upon the banks and bankers below named, or either of them, and properly certified or accepted by them. This obligation, however, to apply to such drafts or checks as may be received by you in the course of your business in payment of collections or discount items.

The International Bank, Leopold Mayer, H. J. Christoph, John Beuhler, Herman Schaffner & Co.

Yours very truly,

W. A. Hammond, Cashier."

The Merchants Bank stamped on the back of the check: "Paid through Chicago Clearing House June 3, 1893, to the Merchants National Bank," and through the clearings on that day it came to the appellee, which was by the guaranty bound to pay it, as it did. It is clear that the stamp put on the check by the Merchants Bank was intended as a transfer of the check to the appellee; without such transfer the appellee could not use the check in its accounts with Schaffner & Co.

Schaffner & Co. failed, and did not open their bank on June 3, 1893, so the check could not be paid, though the appellant had funds with them.

Now that the Merchants Bank could have recovered against the appellant on the check if it had not sent the check to the clearing house is settled by Bickford v. First National Bank, 42 Ill. 238.

The agreement by the appellee to the Merchants Bank affected only the relations of those banks to each other; third persons derive no benefit or harm from it.

An indorsement may be made by any form of words or characters intended to so operate. Dan. Neg. Inst., Sec. 688; Rand. Com. Pap., Sec. 704.

There is no error and the judgment is affirmed.