### Fred L. Voltz et al. v. National Bank of Illinois.

1. NEGOTIABLE INSTRUMENTS—*Suits upon Dishonored Checks.*— Where the drawers of a check have it certified by the drawee and then put it into circulation, they voluntarily assume a liability thereon, and in case it is not paid they are liable in a suit by the holder as drawers of a dishonored check.

**Memorandum.**—Assumpsit on a dishonored check. Appeal from a judgment for plaintiff entered by the Circuit Court of Cook County; the Hon. Thomas B. Windes, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed January 28, 1895.

#### Statement of the Case.

This is an appeal from a judgment rendered in the Circuit Court of Cook County, sitting without a jury, and assessing damages in the sum of $607.66. Suit is brought upon a check dated June 2, 1893, drawn by F. L. Voltz & Co., upon Herman Schaffner & Co., bankers, for $581.03, payable to the First National Bank, which check, it is claimed, came to the plaintiff by way of indorsement.

Herman Schaffner & Co. failed to pay the check, by reason of their insolvency. Copy of the instrument sued on is as follows:

"CHICAGO, June 2, 1893.

To Herman Schaffner & Co., Bankers:

Pay to the order of First National Bank $581.03 (five hundred eighty-one and three-100 dollars).

(Signed)   F. L. VOLTZ & Co."

Stamped across the face is the following:

"Certified June 2, 1893.

HERMAN SCHAFFNER & Co.

A. SWARTZ, Teller."

Also on the back of the check is the following:

"First National Bank, Chicago, without recourse.

Pay through Chicago Clearing House only.

Paid June 3, 1893.

R. J. STREET, Cash."

It appears from the evidence that on the 2d and 3d of June, 1893, and prior thereto, plaintiff bank was a member of the Chicago Clearing House, and so was the First National Bank of Chicago. The National Bank of Illinois represented Herman Schaffner & Co. in the Chicago Clearing House on June 3, 1893, and theretofore. In other words, Herman Schaffner & Co. cleared their checks through the National Bank of Illinois.

It also appears that on June 3, 1893, when the check in question came to the National Bank of Illinois, they knew that Herman Schaffner & Co. had suspended payment, and, as a reason for taking up the check, which was indorsed without recourse, the bank produced a guaranty in writing, executed February 3, 1886, which is as follows:

"L. J. Gage, Esq., Vice-President, City.

DEAR SIR: This bank hereby holds itself accountable for payment on presentation, in the regular course to it, of any and all checks or drafts drawn upon banks and bankers below named, or either of them, and properly certified or accepted by them. This obligation, however, to apply only to such drafts or checks as may be received by you in the course of your business, and payment of collections or discounted items. * * * Herman Schaffner & Co. * * *

(Signed)   WILLIAM A. HAMMOND, Cashier."

Pursuant to this guaranty, the plaintiff claims to have taken up the check from the First National Bank.

The plaintiff rested its case by producing as a witness, Carl Moll, cashier of the National Bank of Illinois; the check in question, and the guaranty of the bank to the First National Bank.

It further appears from the evidence that prior to June 2, 1893, and on said day, the defendants had a deposit account with Herman Schaffner & Co., who were then bankers engaged in a general banking business in the city of Chicago. Upon that day the First National Bank held for collection against the defendants' firm a draft, dated May 15, 1893, issued by G. Montague & Co. for the sum of $581.03, payable to their own order, and addressed to their own order at Chicago, which was accepted by them. For the purpose of paying this draft F. L. Voltz, one of the defendants herein, on June 2, 1893, drew a check for that amount against the account of Fred. L. Voltz & Co. with Herman Schaffner & Co., payable to the order of the First National Bank, and took it to Herman Schaffner & Co. for certification, and about twelve o'clock of that day delivered it to the First National Bank at their office in Chicago, properly certified.

The First National Bank was unable to then surrender to Voltz & Co. the draft in question, because it had not been returned by its collector, but the bank promised to send it to him by mail, and did so send it on June 5, 1893.

On June 3, 1893, the First National Bank presented said check through the Clearing House to the National Bank of Illinois. The payment of it was refused on account of the insolvency of Herman Schaffner & Co. The cashier of the First National thereupon called the plaintiff's attention to the guaranty in evidence, and thereupon plaintiff bank issued its cashier's check for the amount, and the check in suit was indorsed " without recourse " by the First National Bank and delivered to plaintiff.

The amount of the check was charged by the plaintiff as an overdraft of Herman Schaffner & Company's account,

and it subsequently filed a claim for the amount so paid, against the estate of Herman Schaffner & Co. The latter firm had made a general assignment for the benefit of their creditors on the morning of June 3d, about 8:30 o'clock A. M.

The position of the bank is that it has a right to maintain the action as indorsee of the check, and be subrogated to the claim of the First National Bank by reason of the payment of the amount thereof to the First National Bank, under the guaranty mentioned.

The relationship existing between Herman Schaffner & Co. and the plaintiff bank was as follows :

Herman Schaffner & Company kept on deposit with the plaintiff bank certain moneys, and during the two weeks prior to their failure, also, property with which the National Bank of Illinois was to protect itself in the payment of moneys by it for checks on Herman Schaffner & Co., received through the clearing house. The amount paid by the plaintiff to the clearing house for Schaffner & Co. would on each day be charged to their account; or, if the amount so paid exceeded the amount on deposit to the credit of Schaffner & Company, at the close of each day's business, such amount on that day would be made good by a payment by Herman Schaffner & Co.

For the defendants it is claimed :

1.   That the payment by the plaintiff to the First National Bank was only made by reason of the relationship between it and Schaffner & Co., and that such payment operated, and was in fact and in law a payment of the check by Herman Schaffner & Co., and an extinguishment of the maker's liability.

2.   That the guaranty, executed by the National Bank of Illinois to the First National is void, as an act *ultra vires* and against public policy.

3.   That the payment by the plaintiff bank was purely voluntary under an arrangement with Herman Schaffner & Co., and that the only recourse plaintiff bank has is a claim for the amount so paid by it, against Schaffner & Company's estate, which claim has in fact been presented to the assignee.

Moses, Pam & Kennedy, attorneys for appellants.

Moran, Kraus & Mayer, attorneys for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

Briefly stated, the facts presented by the record in this case are that appellee became for value the assignee of a check, drawn by appellants upon Herman Schaffner & Co., which check the drawee on demand failed to pay; thereupon appellee brought suit against appellant and has recovered the amount of the check.

It is quite immaterial what moved appellee to give full value for this check and take an assignment thereof. The fact that the relations with or obligations of appellee to the First National Bank were such that it felt bound to pay the face of such check and take an assignment thereof did not affect the liability of appellant upon the paper it had put forth. Appellant's obligation is no greater to appellee than it was to the First National Bank and would have been to any other holder of the check to whom it might have been for value assigned.

Appellee had no agreement with appellant guaranteeing the payment of checks drawn on and certified by Herman Schaffner & Co.

Appellants probably might have had this check paid by Herman Schaffner & Co. and thereby escaped loss. Instead of doing this, appellants saw fit to have the check certified by Herman Schaffner & Co. and then put it in circulation, thus voluntarily assuming a liability thereon. Metropolitan Nat. Bank v. Jones, 137 Ill. 634.

We are not called in this action to pass upon the validity of the guaranty executed by appellee. This suit is against the drawers of a dishonored check, not upon the guaranty of appellee.

Under certain circumstances the question whether such guaranty was *ultra vires* might arise; it does not here.

The case is, in most respects, like that of Zinner v. National Bank of Illinois, 54 Ill. App. 602. The judgment of the Circuit Court is affirmed.