## NATIONAL CITY BANK OF SEATTLE v. TITLOW.

(District Court, W. D. Washington, N. D. February 16, 1916.)

### No. 67–E.

1. BILLS AND NOTES ⊜⇒151—NEGOTIABLE INSTRUMENTS—CERTIFICATE OF DEPOSIT.

A certificate of deposit is a negotiable instrument.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 380–387; Dec. Dig. ⊜⇒151.]

2. BILLS AND NOTES ⊜⇒343—BONA FIDE HOLDER—DUE COURSE—INFIRMITIES ON FACE OF INSTRUMENT.

Rem. & Bal. Code Wash. § 3443, declares that a holder in due course is one who has taken a negotiable instrument, complete and regular on its face, without notice, at the time of negotiation, of any infirmity in the instrument or defect in title of person negotiating it. Section 3574 declares that, where a note is drawn to the maker's own order, it is not complete until endorsed by him, while section 3440 declares that, where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferror had, and for the purpose of determining whether the transferee is a holder in due course the negotiation takes effect as of the time when the indorsement is actually made. The insolvent bank requested plaintiff bank to carry a bag company, and plaintiff bank offered to do so on the credit of the insolvent institution. Thereupon, though no deposit was actually made, the insolvent bank issued to the bag company a certificate of deposit which appeared regular on its face, and which the bag company indorsed to plaintiff. Held, that as the

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

certificate of deposit was not signed by the insolvent bank, and as plaintiff had notice that the insolvent bank was furnishing credit for the bag company, it had sufficient knowledge to put it on inquiry as to whether the deposit was actually made, and, none having been made, recovery could be defeated for want of consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 853–855, 864, 865; Dec. Dig. ☜343.]

3. BANKS AND BANKING ☜152—LIABILITY OF BANKS—CERTIFYING CHECKS.
    A bank which certifies a check, though the depositor is without funds, is not liable to any one, save a bona fide holder for value; and that rule applies where a bank issues a certificate of deposit, though none has been made.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 336, 465–482; Dec. Dig. ☜152.]

In Equity. Suit by the National City Bank of Seattle against A. R. Titlow, receiver of the United States National Bank of Centralia. Decree for defendant.

Herr, Bayley & Wilson, of Seattle, Wash., for plaintiff.

Robert P. Oldham and Robert C. Goodale, both of Seattle, Wash., for defendant.

NETERER, District Judge. Plaintiff has commenced an action against the defendant receiver, in which it alleges, in substance: That on the 8th of July, 1914, the United States National Bank, of which the defendant is the receiver, issued to Winkleman Bag Company a certificate of deposit as follows: "Winkleman Bag Company has deposited in this bank $3,000.00, payable to the order of ourselves, on return of this certificate properly indorsed." That on the back of the certificate was indorsed: "On or after October 8, 1914, pay to the order of the National City Bank of Seattle, Washington. [Signed] Winkleman Bag Company, by R. Winkleman." And it alleges: That the words "to the order of ourselves" were understood between the United States National Bank and Winkleman Bag Company to mean that the certificate was to be payable to the order of Winkleman Bag Company, and that such was the intention and agreement of the parties, and states that for value this certificate was negotiated on July 9th to the plaintiff, who paid in good faith a valuable consideration. That the United States National Bank became insolvent, and the defendant was appointed receiver. That claim was made to the receiver and rejected. And it asks that the certificate be reformed or corrected, so as to have the word "ourselves" changed to the word "themselves," and then asks that it be allowed as a claim against the insolvent bank and permitted to participate in dividends.

The defendant admits the issuance of the certificate, denies there was any mistake, and makes some affirmative defenses, in which it states that at the time the Winkleman Bag Company was indebted to the United States National Bank in a sum greater than the amount named in the certificate, and that the certificate was issued without any consideration, etc.

The plaintiff replies, taking issue with the affirmative matters of the answer.

Upon the trial it appeared that on and prior to July 8, 1914, the Winkleman Bag Company was indebted to the United States National Bank in the sum of $20,000 for money loaned and on letters of credit for $75,000, and had an overdraft of something over $4,000. On June 8th Winkleman Bag Company desired to purchase some burlap from a client of the plaintiff bank. Winkleman Bag Company was a client of the United States National Bank, as already appears. On this day the insolvent bank asked the plaintiff bank to carry the Winkleman Bag Company for 90 days on the burlap which it was negotiating to buy from a client of the plaintiff bank, saying: "We will see that it is paid promptly when due." This letter evoked conversation by phone between the officers of the banks; the plaintiff bank stating that it would carry the obligation upon the credit of the insolvent bank, and that if the insolvent bank issued its certificate of deposit it would carry it for the time named. On June 23d the plaintiff bank answered by letter, saying that the matter was satisfactorily arranged, and further said: "We are carrying the account along the line of your letter." On July 8th the insolvent bank issued the certificate of deposit above mentioned, and on July 9th Winkleman Bag Company forwarded this certificate of deposit to the plaintiff bank, with indorsement upon it as above indicated, together with a check for $60, interest upon the certificate of deposit for 90 days. The Winkleman Bag Company had not in fact deposited any money for the certificate of deposit, but had promised to pay such sum into the bank before the expiration of 90 days, and had promised to secure this by bills of lading with draft attached for portions of the burlap which was being purchased, assigning such bills of lading and draft to the bank.

[1-3] The only issue in this case is: Was the plaintiff a holder in due course? A certificate of deposit is properly held a negotiable instrument (Miller v. Austen, 13 How. [54 U. S.] 218, 14 L. Ed. 119); and the rights of plaintiff must be determined by the Negotiable Instrument Act of Washington. Section 3443, Remington & Ballinger's Code Wash., a part of such act, provides that:

"A holder in due course is a holder who has taken the instrument under the following conditions: First. That it is complete and regular upon its face. * * * Fourth. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

And section 3574, supra:

" * * * Where a note is drawn to the maker's own order, it is not complete until indorsed by him."

I think, from the evidence in this case, that the plaintiff must be held to notice of the infirmity of the instrument. While it appears regular on its face, it was not complete within these statutory provisions, because it was not indorsed by the maker, and therefore not taken in due course of business. Section 3440, Rem. & Bal. Code Wash.; Central Trust Co. v. First Nat. Bank, 101 U. S. 68, 25 L. Ed. 876; Goshen Nat. Bank v. Bingham, 118 N. Y. 349, 23 N. E. 180, 7 L. R. A. 595, 16 Am. St. Rep. 765; Lancaster Nat. Bank v. Taylor, 100 Mass. 18, 1 Am. Rep. 71, 97 Am. Dec. 70; Hughes & Co. v. Flint,

61 Wash. 460, 112 Pac. 633. The plaintiff also knew that it was the intention of the insolvent bank to become surety for the Winkleman Bag Company. The letter and all the conversations in testimony indicate that, and that act was ultra vires. Morse on Banks and Banking, § 65; Commercial Nat. Bank v. Pirie, 82 Fed. 799, 27 C. C. A. 171; Bowen v. Needles Nat. Bank, 94 Fed. 925, 36 C. C. A. 553. The issuance of the certificate was a method adopted to meet the exigency, and the certificate being issued to "ourselves," and the indorsement of Winkleman Bag Company, "Pay on or after October 8, 1914," strongly emphasizes the situation, notwithstanding the Gilchrist testimony, with which the plaintiff bank, under the circumstances, is charged to know at its peril that the deposit was actually made or secured. I am satisfied the plaintiff bank acted in good faith and was misled; but it had such knowledge of the transaction which, with the manner in which the certificate was issued and the indorsement by Winkleman Bag Company, does not show it a holder in due course. Washington Finance Corporation v. Glass, 74 Wash. 653, 134 Pac. 480, 46 L. R. A. (N. S.) 1043; Chaflin v. Farmers' & Citizens' Bank, 25 N. Y. 293; Bowen v. Needles Nat. Bank, supra. It has been repeatedly held that a bank certifying a check without funds is not liable thereon, except to a bona fide holder for value. Bowen v. Needles Nat. Bank (C. C.) 87 Fed. 430, affirmed 94 Fed. 925, 36 C. C. A. 553. The plaintiff does not stand in any stronger position than the Winkleman Bag Company, and the fact that the certificate was issued without consideration must defeat the plaintiff.

Scales v. Ashbrock, 1 Metc. (Ky.) 358, has no application. That suit was between the immediate parties. The liability was one founded on money had and received, and the note was merely evidence of such fact. The other cases cited are to correct contracts in no sense negotiable, and are therefore foreign to this issue.

Decree for defendant.