National Plumbing & Heating Supply Company, Appellee, v. First National Bank of Chicago, Appellant.

Gen. No. 34,720.

Heard in the first division of this court for the first district at the December term, 1930. Opinion filed March 2, 1931.

PHILIP H. TREACY, for appellant.

FRISCH & FRISCH, for appellee; ALBERT J. MESEROW, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of assumpsit against the defendant and filed its declaration and affidavit of claim. The defendant filed a plea of the general issue and an affidavit of merits. Defendant's affidavit of merits was, on motion of plaintiff, stricken because of its insufficiency. Afterwards leave was given the defendant to file successive amended affidavits of merits, all of which were, on motion of the plaintiff, stricken. Thereupon, for want of an affidavit of merits, defendant's plea of general issue was stricken; the defend-

ant was defaulted, and judgment entered in favor of plaintiff for the amount of its claim, viz., $1,292.01, and the defendant appeals. The question, therefore, is the sufficiency of the defendant's third amended affidavit of merits.

Plaintiff, in its suit, claims to be the indorsee of a check dated December 15, 1927, drawn on the defendant bank by one of the bank's depositors, and which check had been presented by plaintiff to the defendant bank for certification; that the defendant bank certified the check. The basis of plaintiff's suit is that the defendant is liable on its certification of the check.

In its declaration, plaintiff alleged that the Mid-City Securities Corporation drew its check to the order of Alex Greenbaum and delivered the check to Greenbaum, and that thereupon, Greenbaum indorsed and delivered the check to the plaintiff for a good and valuable consideration "without notice of any infirmity in the instrument or defect in the title of the person negotiating the same." That plaintiff on the next day, December 16, presented the check to the defendant for certification and the check was certified.

The defendant, in its third amended affidavit of merits set up, in substance, that the check was certified by mistake of a paying teller of the defendant bank after the maker of the check had ordered payment of the check stopped; that after the maker of the check had ordered the payment of it stopped, and before it was presented for certification, he withdrew his money from the bank; that plaintiff and its attorneys, whose indorsements appear on the check, were notified by the drawer of the check before it had been presented for certification, that he had ordered the bank not to pay the check and that the bank had been notified not to pay the check before it was delivered to plaintiff. It was then set up in the affidavit of merits that Green-

baum, the payee, did not indorse the check or deliver it to the plaintiff.

There are a great many other allegations in this affidavit of merits which are not clear, but which we think it unnecessary to refer to because we think the allegations of the affidavit of merits above mentioned are sufficient to show that plaintiff was not a bona fide holder of the check and that it knew before the check came into its possession and consequently before it was presented for certification by plaintiff, that the maker of the check had ordered the defendant bank not to pay it. The check having been certified by mistake, and since rights of third parties have not intervened, the certification may be revoked. *Dillaway v. Northwestern Nat. Bank,* 82 Ill. App. 71; *Baldinger & Kupferman Mfg. Co. v. Manufacturers'- Citizens' Trust Co.,* 156 N. Y. S. 445; 7 C. J. p. 709; *National Bank of Commerce v. Baltimore Commercial Bank,* 141 Md. 554, 29 A. L. R. 135; *National City Bank of Seattle v. Titlow,* 233 Fed. 838.

In the *Dillaway* case, where through a mistake of the bank it had certified a check, it was held that upon discovering the mistake the bank might cancel its certification provided the rights of third parties had not intervened. In the instant case, from the allegations of defendant's affidavit of merits it appears that the plaintiff was in no way injured by the certification of the check, it having had notice prior to the certification that payment of the check had been ordered stopped by the maker.

In the *Baldinger* case, it was held that the rule that a bank accepting and certifying a check becomes the principal debtor and the maker is discharged, applied only to a bona fide holder of the check and if the certification was through mistake, it might be revoked by the bank if done before any change of circumstances as against the holder of the check, and that the Uni-

form Negotiable Instrument Law did not change this rule.

The provision of the Negotiable Instrument Law referred to by the New York Court, is identical with the provision of the Negotiable Instrument Law of this State which provides: ''Where the holder of a check procures it to be accepted or certified, the drawer and all indorsers are discharged from liability thereon.'' Paragraph 209, (sec. 187), ch. 98, Cahill's 1929 Statutes.

In 7 C. J. p. 709, it is said: ''If a bank certifies a check by mistake, such mistake may be corrected so long as the rights of third persons have not intervened; but the fact that a certification was made through mistake does not impair its effectiveness, where the check is in the hands of an innocent holder for value.'' And in the *National Bank of Commerce* case (141 Md. 554) it was held that a bank by certifying a check entered into an absolute undertaking to pay it when presented except where it is made by mistake in which case the mistake may be corrected so long as the rights of third parties have not intervened.

In the instant case the check having been certified by mistake after the bank had been notified not to pay the check, and since the allegations of the defendant's affidavit of merits show that plaintiff knew of this fact as well as other facts hereinbefore mentioned, it was not an innocent holder for value and therefore the mistake in certifying the check could be corrected.

The judgment of the circuit court of Cook county is reversed and the cause remanded with directions to overrule plaintiff's motion to strike defendant's third amended affidavit of merits and defendant's plea of general issue.

*Reversed and remanded with directions.*

MATCHETT, P. J., and McSURELY, J., concur.