## Snevily *against* Ekel.

A special guaranty of payment endorsed upon a negotiable note may not be treated as a blank endorsement, so as to enable any holder to sue the guarantor in his own name. It does not induce that broad mercantile responsibility which a blank endorsement does.

**ERROR** to the Common Pleas of *Dauphin* county.

John M. Ekel against John Snevily. This was an action on the case in *assumpsit*, in which the plaintiff thus declared :

John Snevily was summoned to answer John M. Ekel, of a plea of trespass on the case upon promises, &c. For that whereas one John Smull on the 5th of January 1838, in the county aforesaid, made his promissory note in writing and thereby promised to pay the defendant or order, at the office of Discount and Deposit Bank of Pennsylvania, at Harrisburg, $151.50, at sixty days after the date thereof, which period has now elapsed, and the said defendant then and there endorsed the said note, and delivered the same to John Ekel who then and there endorsed the said note and delivered it to the said plaintiff, and the said John Smull did not pay the amount of the said note, although the same was duly presented and shown on the day when it became due to and at the office of Discount and Deposit Bank of Pennsylvania, at Harrisburg aforesaid, for payment thereof, and payment of the said sum of money therein specified was then and there duly required according to the tenor and effect of the said promissory note, but that neither the said office of Discount and Deposit Bank of Pennsylvania, at Harrisburg, nor the said John Smull, nor any person or persons on behalf of the said John Smull, did, or would then and there, or at any time before or afterwards, pay the said sum of money therein specified, or any part thereof, but wholly neglected and refused so to do, of all which the defendant had then and there due notice.

Plaintiff offered in evidence the note of which the following is a copy :

[Snevily v. Ekel.]

"$151 50–100.

"Sixty days after date I promise to pay John Snevily or order, at the office of Discount and Deposit Bank of Pennsylvania, at Harrisburg, one hundred and fifty-one dollars 50–100, for value received, without defalcation."

"JOHN SMULL."

"*Harrisburg, January* 5, 1838."

(Endorsed on back.)
"I transfer the within note to John Ekel, and guarantee the payment of the same."

"JOHN SNEVILY."
(Further endorsed.)   "JOHN EKEL."

Defendant objected to the note being read to the jury. That this is an action on the guaranty, the written engagement; and not being an endorsement in blank, J. M. Ekel could not bring a suit in his own name.

The court overruled the objection, and admitted the note in evidence. The counsel for the defendant excepted.

The court charged the jury that the plaintiff was entitled to recover.

*M'Cormick*, for plaintiff in error. The obligation created by a blank endorsement is, upon principles of law, strictly mercantile; and if the form of the contract be changed by the parties, it is for some reason which they understand when the contract is made, and there is no reason, therefore, for extending the operation of mercantile law to fit a case which the parties did not intend should come within its rules. 2 *Watts* 128; 3 *Penn. Rep.* 18; *Chit. on Bills* 261.

*Rawn*, for defendant in error, contended that the form adopted by the parties was with the design of imposing an additional obligation upon the endorser, by way of enlarging his liability, and not for the purpose of restraining it, and such contracts should be construed according to the intention of the parties. It, therefore, may be treated as a blank endorsement, or as a special contract of guaranty. 20 *Johns.* 365; 19 *Wend.* 202, 557; 5 *Wend.* 308; 7 *Conn. Rep.* 523.

PER CURIAM.—The law of guaranty, as it was settled by *Johnston v. Chapman* (3 *Penn.* 18) and *Isett v. Hoge*, (2 *Watts* 128) is perhaps different from what it is in England and many of the American states. The popular understanding of the contract however is, that it creates an obligation to pay if the guarantee should be unable to recover the money from the debtor; and our interpretation of it will most generally give effect to the actual

intention of the parties.  A guaranty is certainly a different thing from a commercial endorsement.  Is there anything in the defendant's contract in this instance which would authorize the plaintiff to treat it as a double one — as an endorsement or as a guaranty, at his option?  An endorsement in blank induces the broadest mercantile responsibility which the endorser can contract, because it is an authority for the endorsee to write anything he pleases over the name, and had the name stood alone he might have done so here; but there is no such authority where the terms are filled up.  *Expressum facit cessare tacitum;* and there is no implication of a promise where one is expressed.  The name, therefore, shall not stand for an endorsement, and the special promise for a guaranty.  The writing on the back of this note, being an engagement to pay if the drawer should be unable, created a single responsibility.  And the defendant may have had particular reasons to engage no further than for the drawer's solvency, in preference to becoming immediately liable on receiving notice of the note's dishonour.  Such being the terms of the contract, the transferee was not at liberty to treat him as an endorser.

Judgment reversed, and a *venire de novo* awarded.