The opinion of the Court was drawn up by
Davis,
1855, the Kennebec and Portland Railroad
Company, of which Reuel Williams, the plaintiff, was president, owed a large floating debt, of which the current receipts afforded no means of payment. A failure was inevitable, unless funds could be raised on credit; and this could not be done upon the notes of the company, without a good indorser. In this emergency a meeting of the directors was held, of whom the defendant was one, to determine what should be done. At this meeting, held June 18th, an agreement was made that the plaintiff should indorse for the company to an amount not exceeding sixty thousand dollars ; and the directors would " indemnify and hold him harmless, in the proportions set against their names.” The sum set against the name of the defendant was $3,967.
The agreement of the directors was in writing, and was perfect in itself. The assumption of the liability by Williams would have been a sufficient consideration for the contract of indemnity. And in the absence of any parol evidence explaining it, the directors would have been liable for the full amount of their subscriptions.
But it appears by the parol testimony, admitted by both parties without objection, that the plaintiff made a verbal contract to indorse notes for the company to the amount of *22 sixty thousand dollars. This was an additional consideration for the contract of indemnity. These together constituted two mutually dependent contracts, — one verbal — the other- written. One was an agreement to assume a given amount of liability; the other was, in case the whole liability should be assumed, to indemnify in part, to a given amount. .The assumption of the liability by the plaintiff was a condition precedent to the -liability of the others to indemnify him.
Taking the two contracts together, as proved, if there was only part performance by the plaintiff, he could exact only part performance of those who agreed to indemnify him. If he indorsed the company notes for only forty thousand dollars, instead of sixty thousand, then they became liable to him for only forty-sixtieths, or two-thirds of the sums by them subscribed. These sums, though denominated "proportions,” in their relation to each other, were actual subscriptions in their relation to the plaintiff; to be paid fully if he should pay sixty thousand dollars upon company notes indorsed by him; to be paid in proportion if he should pay a less sum.
Such we understand to have been the intention of the parties, as expressed by the written contract on the one side, with the verbal one on the other.
Under this arrangement the plaintiff assumed various liabilities for the company, amounting to over forty thousand dollars. ' These he afterwards paid, at various times, from Nov. 5, 1855, to July 5, 1856. These payments, with interest, costs of protest, &c., amounted to $41,138,88. If he could rightfully claim indemnity for all of them, then those who agreed " to hold him harmless ” became liable for a portion of each payment when made by him, with interest afterwards. And the amount of each payment for which they became liable .was that part bearing the same proportion to the whole, that $41,138,88, bears to $60,000. And of this the defendant became liable to pay a part only, his *23 proportion being only $3,967 out of $37,868, the whole amount subscribed.
Nearly one half of the plaintiff’s claim is for notes of the company which he signed upon the back as guarantor. We have no doubt this was an "indorsement”, within the terms of the contract. The particular mode of indorsing was left, to his discretion.
Another portion of the claim, equally large, was originally for money advanced by the plaintiff. Being unable to get the company notes discounted, he raised money upon his own private securities, and therewith, in connection with the treasurer, paid nearly twenty thousand dollars for the company. For money so advanced by him, though equally advantageous to the company, the defendant and his associates were not liable. It was not-within the form of the contract made by them.
And the plaintiff seems to have been aware of this. For he afterwards indorsed notes for the company to reimburse himself; and, having negotiated them, he paid them at maturity. He probably did this to bring the transaction within the terms of the contract. We do not perceive that this is any objection to it. It varied from the contract, originally, inform merely. The money was raised for the purpose contemplated by the parties. And the indorsements after-wards actually made, being in execution of .the original understanding, were within the letter as well as the spirit of the agreement.
Objection is made to some small sums paid to the plaintiff himself. Whether these constituted any part of the floating debt we need not determine. That indebtment was the reason for making the contract. The disbursement of the money raised was not limited to that. The plaintiff does not appear to have abused the power given to him, by preferring his own previous claims against the company. According to the agreement of the parties, judgment must be entered for the plaintiff. The amount is to be determined according to the principles previously stated, for the defendant’s pro *24 portion of $41,138,88, with interest from the date of the several payments. The mode of computation is hereto annexed.
Tenney, C. J., May, Goodenow, and Kent, JJ., concurred.
Rice, J., having become interested in the subject matter of the suit, did not participate in the decision.

Note. — Method of computing the amount for which judgment is to he rendered for the plaintiff: —
The payments made by the plaintiff commenced Not. 5,1855, and continued until July 5, 1856. He made eleven different payments.
Upon each payment his right of reimbursement was for §■;§§ of the amount paid. Eor this, the defendant was liable with the other signers of the agreement.
The defendant’s proportion of the amount for which all were liable to the plaintiff was ;|§£
The plaintiff is entitled to interest from the date of each payment.
Each of the eleven payments to be computed in this way, and the whole added together for the amount of the judgment in this case.