ORRIN BISSELL *vs.* ANDREW E. GOWDY.

The 27th section of the act of 1854 " for the suppression of intemperance," provides that all securities given for the price of spirituous liquors sold in violation of the act shall be void, but that this provision " shall not affect in any way negotiable paper in the hands of a bona fide holder, who may have given valuable consideration therefor, without notice of any illegality in its inception or transfer." Held that negotiable paper transferred *after due* was not protected.

A negotiable note was transferred by the payee with the following indorsement :— " For value received I hereby warrant the within note good and collectible till January 1, 1861." The name of the payee was signed to this indorsement but was not otherwise indorsed upon the note. Whether this constituted a negotiation of the note so as to pass the legal title ; *Quere.* The court inclined to the opinion that the signature of the payee operated as an indorsement of the note, so as to pass the legal title to the transferee and any future holder, while the guarantee itself would not be negotiable, and could be sued upon only in the name of the first indorsee.

ASSUMPSIT, brought by the plaintiff as indorsee, against the defendant as maker of the following note.

" $1136$\frac{3}{100}$.                Broad Brook, Nov. 19, 1859.

" Thirty days after date I promise to pay to Eli Gowdy or order, eleven hundred thirty-six $\frac{3}{100}$ dollars, value received.

                                        A. E. GOWDY."

The note was indorsed by the payee as follows :—

" For value received I hereby warrant the within note good and collectible till January 1, 1861.        ELI GOWDY."

The case was tried in the superior court on the general issue, closed to the court, the defendant filing notice that he should offer evidence to show that the note was given for the purchase of intoxicating liquors, sold by the payee to the maker in this state in violation of the " act for the suppression of intemperance."

The court found that the note was originally given for the price of spirituous liquors sold by the payee to the maker in 1859 ; that the plaintiff took the note after its maturity from one Abbe, to whom it had been previously transferred by the payee ; that the transfer to Abbe was not made until a considerable time after its maturity ; that the indorsement upon the note was made by the payee at the time of the transfer to

Abbe ; and that the plaintiff took it in good faith, paying a full consideration, and without notice of any illegality in its inception or transfer.[*]

Upon these facts the case was reserved for the advice of this court.

*T. C. Perkins* and *C. E. Perkins*, for the plaintiff.

1. The guarantee of the note, indorsed upon it by the payee and signed by him, constituted a negotiation of the note and passed the title to the indorsee. *Blakely* v. *Grant*, 6 Mass., 386 ; *Tyler* v. *Binney*, 7 id., 479 ; *Upham* v. *Prince*, 12 id., 14 ; *Myrick* v. *Hasey*, 27 Maine, 9 ; *Partridge* v. *Davis*, 20 Verm., 499 ; *Prosser* v. *Luqueer*, 4 Hill, 420.

2. The note is protected under the provision of the statute which exempts from its operation negotiable paper. The plaintiff took it with no notice of its original character, and gave a full consideration for it. He is thus a holder of it in good faith. The statute intended to protect such a holder. It does not affect the case that the note was over due when he took it. A negotiable note is no less negotiable because over due. The legal title to it passes by indorsement and delivery in the same manner as before, and it is the negotiable character of the paper which protects it under the statute. *Backus* v. *Danforth*, 10 Conn., 297 ; *French* v. *Jarvis*, 29 id., 347, 353.

*C. Chapman* and *C. R. Chapman*, for the defendant.

1. The guarantee upon the back of the note does not constitute a negotiation of it, and the plaintiff has no legal title

---

[*] The 27th section of the " Act for the suppression of intemperance," enacted in 1854, provides as follows :—

" All sales, transfers, conveyances, mortgages, liens, attachments, pledges, and securities of every kind, which, either in whole or in part, shall have been made for or on account of spirituous or intoxicating liquor, sold in violation of this act, shall be utterly null and void against all persons, in all cases, and no rights of any kind shall be acquired thereby. * * * Nothing in this section, however, shall affect in any way negotiable paper in the hands of a bona fide holder thereof, who may have given valuable consideration therefor, without notice of any illegality in its inception or transfer."

upon which to maintain his suit. *Tyler* v. *Binney*, 7 Mass., 479 ; *Upham* v. *Prince*, 12 id., 14, and note by Mr. Rand in 2d edition of Mass. Reps. ; *Central Bank* v. *Davis*, 19 Pick., 373 ; *True* v. *Fuller*, 21 Pick., 140 ; *Belcher* v. *Smith*, 7 Cush., 482 ; *Lamourieux* v. *Hewitt*, 5 Wend., 307 ; *Canfield* v. *Vaughan*, 8 Martin, 682.

2. The note is void under the 27th section of the act for the suppression of intemperance. It is not protected by the clause which exempts negotiable paper in the hands of a bona fide holder. The statute never intended to exempt negotiable paper over due. It has then ceased to have the credit which attaches to mercantile paper, and is open to any defense which could have been made between the original parties. The law is well settled that all mercantile paper, where negotiated after due, goes into the hands of the transferee subject to all the infirmities that attached to it in its inception. *Robinson* v. *Lyman*, 10 Conn., 30.

HINMAN, C. J. The note in question was given for the price of spirituous liquors sold by the payee to the maker in 1859, and as between those parties was undoubtedly void, under the 27th section of the act for the suppression of intemperance. But the plaintiff took it in good faith, paying for it a full and valuable consideration, and as he had no notice of any illegality in its inception or transfer, he claims that it became a valid security in his hands, under the provision in the same section of the statute, which declares that " nothing in this section shall affect in any way negotiable paper in the hands of a bona-fide holder thereof, who may have given valuable consideration therefor, without notice of any illegality in its inception or transfer."

Had the plaintiff taken the note in the regular course of business before it was due, he would have been right in his claim. It is true that the negotiable character of the paper was not changed by its having been over due when the plaintiff took it, in such a sense as to prevent the legal title from being transferred to him ; but we think that the principle that the indorsee, receiving negotiable paper after due, is considered

as receiving dishonored paper, and takes it subject to every infirmity, equity and defense to which it was liable in the hands of the payee, applies to the case. It is not enough that he paid value for it, and had no notice of its illegal character originally. He was bound to know the law applicable to dishonored paper, and that he ran the risk of its having been paid, or of any infirmity which attached to it. The object of the proviso most obviously was to protect that description of negotiable paper which passes in the ordinary course of business, and to so great an extent supplies the place of money or currency; not to give credit to that which was over due, because it might in form be negotiable, and at the same time give a vitality to it which it had not between the original parties. Such a construction would place paper given for liquor on a higher footing in some respects than any other negotiable paper; which will hardly be claimed to have been intended. The superior court for these reasons must be advised to render judgment for the defendant.

This renders the question whether the suit was properly brought in the name of the holder of the note, rather than in the name of the payee, immaterial in this case; and as the authorities on this point, so far as we have been referred to them, appear to be conflicting, and we have nothing directly on the subject in our own reports, it is perhaps not advisable for us definitely to determine it. If the cases read to us can be reconciled, it would seem to be upon the ground that the special guaranty that the note was good and would be collectible till a particular future day, was not negotiable, since it does not come within the definition or description of a note payable to any person, or to his order, or to bearer, and is not of course a bill of exchange in any sense, and therefore does not come within the statute or the custom of merchants, making such paper negotiable; and therefore no suit could be sustained upon it in the name of any indorsee except the first, with whom alone that contract or that part of the contract was made; while the payee's signature on the back of the note would imply an assignment of it that would transfer the legal title to the first assignee or to any subsequent assignee to whom he

might deliver it. And this seems the more reasonable doctrine, since otherwise there would be an inconsistency in holding that the legal title to negotiable paper will not pass by a written assignment, which, if made of a note not negotiable, would be in law a power of attorney, authorizing the indorsee or assignee for his own use to demand and receive the money of the maker, and would also amount to an authority to sue for and collect it in the payee's name, if not paid upon demand; and would therefore be an assignment of the note itself in equity; and the only reason why an equitable assignment does not also transfer the legal title being, because notes of that description are not made assignable or negotiable by statute, which of course can have no application to notes like the one in suit, which is negotiable by statute. However this may be, the decision upon the other point must dispose of the case.

The superior court is advised to render judgment for the defendant.

In this opinion the other judges concurred.