HEINRICH W. BUCK v. DAVENPORT SAVINGS BANK.

[FILED APRIL 29, 1890.]

1. **Negotiable Instruments:** INDORSEMENT WITH ENLARGED LIABILITY.   A writing on the back of a negotiable promissory note, "Demand, notice, and protest waived and payment guaranteed," signed by the payee of the note, is an indorsement with enlarged liability.

2. **Chattel Mortgages:** DESCRIPTION OF PROPERTY.   A description in a chattel mortgage, "95 head of steers one year old this spring, marked as follows: Right ear cropped and notch cut out of the under side of the left, being the said cattle I have this day purchased of Welcome Mowry, being all the cattle I have now thus marked.   Said cattle are to be kept in Seward Co., Neb., except during the herding season, in which they are to be kept in Butler Co., Nebraska," is sufficient.

3. ———: ———.   A description of property in a chattel mortgage which will enable a third person, aided by inquiries which the instrument itself suggests to identify the property, ordinarily will be sufficient.

ERROR to the district court for Seward county. Tried below before NORVAL, J.·

G. M. Lambertson, and R. P. Anderson, for plaintiff in error:

The guaranty was not an indorsement, as that term is used in the law merchant. (Trust Co. v. Nat'l Bank, 101 U. S., 68; Snevily v. Ekel, 1 Watts & S. [Pa.], 203; Lamourieux v. Hewitt, 5 Wend. [N. Y.], 307; Miller v. Gaston, 2 Hill [N. Y.], 188.) The description in the chattel mortgage was insufficient. (Price v. McComas, 21 Neb., 195; Grimes v. Cannell, 23 Id., 187; Leighton v. Stewart, 19 Id., 546; Jaffrey v. Brown, 29 Fed. Rep., 476; Cole v. Kerr, 19 Neb., 553; Ormsby v. Nolan, 28 N. W. Rep. [Ia.], 569; Smith v. McLean, 24 Ia., 331; Ivans v. Hines, 45 Id., 73; Muir v. Blake, 57 Id., 665; Hayes v. Wilcox, 61 Id., 732; Everett v. Brown, 20 N. W. Rep. [Ia.], 743; Barr v. Cannon, 28 N. W. Rep. [Ia.], 413; Caldwell v. Trowbridge, 26 N. W. Rep. [Ia.], 159; Barrett v. Fitch, 41 N. W. Rep. [Ia.], 310; Kellogg v. Anderson, 41 N. W. Rep. [Minn.], 1045; Tabor v. Sampson, 4 Pac. Rep. [Colo.], 45; Kelley v. Reid, 57 Miss., 89; Stonebraker v. Ford, 81 Mo., 532; Golden v. Cockril, 1 Kan., 259.)

R. S. Norval, contra:

The description in the mortgage was sufficient to afford constructive notice. (Wiley v. Shars, 21 Neb., 712; Kenyon v. Framel, 28 N. W. Rep. [Ia.], 37; McVay v. English, 1 Pac. Rep. [Kan.], 795; Knapp v. Deitz, 64 Wis., 31.) Cases cited by plaintiff in error on this point are not applicable. In none of them was a mortgage held void which contained a description as full as in this case, or where the mortgagor owned no other property of the same description. As to the guaranty: State Nat'l Bank v. Haylen, 14 Neb., 480; Heard v. Dubuque Co. Bank, 8 Id., 10.

Maxwell, J.

In May, 1887, one Welcome Mowry sold and delivered
to Thomas J. Johnson, a resident of Seward county, ninety-
five head of yearling steers for the sum of $1,591.25,
taking his negotiable note therefor due in one year with
interest at ten per cent.   To secure the payment of this
note Johnson executed and delivered to Mowry a chattel
mortgage upon the steers so sold ; the description thereof
in the mortgage being "ninety-five head of steers one year
old this spring, marked as follows: Right ear cropped and
notch cut out of the under side of the left, being the said
cattle I have this day purchased of Welcome Mowry,
being all of the cattle I have now thus marked.   Said cat-
tle are to be kept in Seward county, Nebraska, except
during the herding season, in which they are to be kept in
Butler county, Nebraska."   This mortgage was duly filed
for record in Seward county on June 4, 1887.   In Octo-
ber, of the same year, Johnson sold said cattle to certain
parties named Spelts and Nye for the sum of $450.   The
latter parties sold a portion of the cattle to the plaintiff
in error.

In June, 1887, Mowry sold and indorsed the note in
controversy and transferred the same to the defendant in
error, the indorsement being as follows: "Demand, notice,
and protest waived and payment guaranteed.   Welcome
Mowry."   The note not being paid, the bank brought an
action of replevin against the plaintiff in error and others
holding the stock, and on the trial recovered judgment for
the possession thereof and for damages.

Two questions are presented by record: First, Is the
writing on the back of the note an indorsement or merely
a guaranty?   In *Heard v. Dubuque, etc., Bank,* 8 Neb., 10,
the writing on the back of the note was as follows: "For
value received I hereby guarantee payment of the within

note and waive presentation, protest, and notice." This was held to be an indorsement with an enlarged liability. (*State National Bank v. Haylen*, 14 Neb., 480.) The writing on the back of the note in question therefore was a valid indorsement with an enlarged liability.

In *Wiley v. Shars*, 21 Neb., 712, the property mortgaged was described as " 23 head of horses and mules,   *   *   * all situated on their range on the South Loup river,  *   *   * above described, are now in their (the mortgagors') possession and are owned by them." The testimony showed that the range in question was situated in Buffalo county and the description was held sufficient.

In *Knapp v. Deitz*, 24 N. W. Rep. [Wis.], 471, the description was "41 Berkshire hogs and 65 grain sacks." The testimony tended to show that the mortgage covered all the hogs possessed by the mortgagor and the court held that the description was sufficient. Lyon J., says (page 472): "We apprehend the property might be found and identified without much difficulty if a little diligence were used in that direction."

In *Kenyon v. Framel*, 28 N. W. Rep. [Ia.], 37, a description "50 head of steers about (20) months old, now owned by me and in my possession on my farm in Independence township, Jasper county, Iowa," was held to sufficiently identify the property. Seevers J., says "There is no uncertainty in the mortgage, or if there is, there is a sufficient description of the property to enable an honest inquirer to identify it. (*Smith v. McLean*, 24 Ia., 322.)"

In *Hurt v. Redd*, 64 Ala., 85, the description " 14 head of mules now on my plantation in Russell county," was held to be good; and a description " one black mule about eight years old " was held by the same court not void. (*Connally v. Spragins*, 66 Ala., 258 ; see also *Harding v. Coburn*, 12 Met., 333; *Russell v. Winne*, 37 N. Y., 591 ; *Ellis v. Martin*, 60 Ala., 394; *Seay v. McCormick*, 68 Id., 549 ; *Burditt v. Hunt*, 25 Me., 419; *Newell v. Warner*, 44 Barb.

[N. Y.,] 258; *Harris v. Kennedy,* 48 Wis., 500; *Eddy v. Caldwell,* 7 Minn., 225; *Burns v. Harris,* 66 Ind., 536; 3 Am. & English Encyclopædia of Law, 180.)

The description of property in a chattel mortgage will as a rule be held sufficient where it will enable a third party, aided by inquiries which the instrument itself suggests, to identify the property. (Jones on Chattel Mortgages, sec. 54 and cases cited.)

It is very clear that the mortgage in question was sufficient to impart notice to any honest inquirer after the facts. The judgment, therefore, is right and is affirmed.

JUDGMENT AFFIRMED.

COBB, CH. J., concurs.

NORVAL, J., having heard the case below, did not sit.

*G. M. Lambertson,* and *R. P. Anderson,* for plaintiff in error.

*R. S. Norval, contra.*