## HENDRIX et al. v. BAUHARD BROTHERS.

1. Where the payees in a promissory note payable to order wrote on the back of it the words, "For value received, we hereby warrant the makers of this note financially good on execution," and signed their names after such entry, and negotiated and delivered the note for value, such indorsement was sufficient to transfer title to the note; and if made before maturity to a bona fide purchaser for value, without notice of any defense, he would be protected from any defenses which the maker might have, except those expressly allowed by statute.

2. Where the holders of such a note so indorsed brought suit upon it against the makers, and alleged that they bought it from the payees for value, before due, and without notice of any defense, and the defendants made no denial of such allegation, but sought to set up certain defenses which would not be good against a negotiable note in the hands of an indorsee before due, for value, and without notice of any defense, there was no error in striking the answer and directing a verdict for the plaintiffs, upon the introduction of evidence.

(a) No question was raised as to whether a verdict should have been taken, or a judgment entered without a verdict.

AUGUST 14, 1912.

Complaint. Before Judge Morris. Cherokee superior court. August 10, 1911.

*P. P. DuPre,* for plaintiffs in error. *E. W. Coleman,* contra.

LUMPKIN, J. Bauhard Brothers brought suit against the makers of a promissory note payable to the order of Bridges & Flora. On the back of it was this entry: "For value received, we hereby warrant the makers of this note financially good on execution. Bridges & Flora." The defendants demurred to the petition on the grounds, that it set out no cause of action; that it showed on

its face that the plaintiffs had no legal title and were not bona fide holders for value; and that the entry on the note by the payees was not a formal indorsement, but only a guaranty that the makers of the note were good for the amount thereof. The presiding judge overruled the demurrer. The defendants filed an answer to the petition, denying its allegations; but they withdrew the denial of the paragraph in which the plaintiffs alleged that they bought from the payees the note for value, before due, and without notice of any defense. The presiding judge thereupon, on motion, struck the answer and, after the introduction of evidence, directed a verdict for the plaintiffs. Defendants excepted.

1. It was not denied that the plaintiffs purchased the note from the payees for value, before due, and without notice of any defect or defense. The controlling question is whether the entry on the back of the note constituted an indorsement transferring title thereto to the purchasers, with the protection which belongs to bona fide holders for value, before due, and without notice; or whether it was a mere contract of guaranty, and was insufficient to operate as an indorsement. Let it be assumed that in order to transfer the legal title to a promissory note payable to order, and cut off defenses which the maker would have against the payee, it should be indorsed. *Farris* v. *Wells,* 68 *Ga.* 604; *Benson* v. *Abbott,* 95 *Ga.* 70 (22 S. E. 127); *Haug* v. *Riley,* 101 *Ga.* 372, 375 (29 S. E. 44, 40 L. R. A. 244).

On the subject of indorsements like the one here involved there are two conflicting lines of authority. On the one hand, it has been held by the Supreme Court of the United States and some inferior Federal courts, and by the courts of two or three States, that an entry of a guaranty followed by the signature of the payee on the back of a note payable to order does not amount to such an indorsement as to carry title and cut off defenses existing against the payee. Central Trust Co. *v.* First National Bank, 101 U. S. 68 (25 L. ed. 876); Snevily *v.* Ekel, 1 Watts & S. 203; Edgerly *v.* Lawson, 176 Mass. 551 (57 N. E. 1020, 51 L. R. A. 432), though some of the earlier decisions in Massachusetts seem inclined to take a contrary view. The leading case on this side of the question (discussing it with reference to the common law) is the one decided by the Supreme Court of the United States. It cites the Snevily case, supra, and two cases from New York. The reasoning

on which this class of cases. is based is, that the indorsement is not in blank, but is filled up; that it expresses fully the contract, and can raise no implication of another. Opposed to this view are the decisions in a very large number of States. Numerically, the latter class of decisions greatly preponderates, and we think the reasoning on which they are based is sounder than that contained in the class first mentioned.

At common law (though not so under the statute of this State) the general rule was that choses· in action were not assignable so. that the assignee could sue in his own name. He acquired only an equitable title, had to sue in the name of the assignor for his use, and was subject to the defenses which could be made against the assignor. Growing out of the necessities of commerce, there was an exception to· this rule in favor of negotiable instruments. They were transferable by indorsement and delivery, and the indorsee could sue in his own name. Those payable to bearer required no indorsement. A bona fide indorsee for value, before maturity, and without notice of any defense, was protected. No particular. form was necessary to constitute an indorsement. The mere signing of the name of the person to whose order the note was payable, upon the back of it, was sufficient. In 2 Parsons on Notes and Bills, 14, it is said: "Although it is generally true that no particular and precise form of words is necessary to constitute a note or bill or an indorsement, yet this principle must be regarded as subject to some qualification. So far as the matter of transfer is concerned, the proposition is almost absolutely true. But as to the obligations cast upon the indorser by the act of indorsement, it is clear that these may vary with the form of the indorsement." This recognizes clearly the fact that no particular form is necessary for the transferring of title, although the obligation of the indorser may be varied. In Dunham v. Peterson, 5 N. D. 414 (67 N. W. 293, 36 L. R. A. 232, 57 Am. St. R. 556), the opinion was well reasoned. It was held that where a person to whose order a note was payable wrote on the back thereof a contract of guaranty of payment, and signed it, he became an indorser with enlarged liability, and that the mere writing of a guaranty above his name did not affect the character of his act as an indorser. The indorsement there considered was, "For value received I hereby guaranty the within note, waiving notice of protest and demand," beneath which was signed

the name of the payee. In the opinion it was said: "The inquiry is twofold: 1. Was the note so transferred as to pass the legal title to it at common law? 2. Does the manner of the transfer indicate a purpose to destroy the negotiable character of the instrument? The extent of the liability of the payee who indorses the note is not a decisive test. Indeed it is no test at all. He may incur no liabilities whatever, as indorsing without recourse, and yet in such a case the note has been negotiated to an indorsee within the law merchant, and the latter is protected as a bona fide purchaser, if the other elements necessary to such protection exist. Indeed the payee need not indorse at all, to entitle the purchaser to protection, if the note be payable to bearer, or to the payee by name or bearer: Tescher *v.* Merea, 118 Ind. 586 [21 N. E. 316]. This is also true after it has been indorsed generally by the person who is named as payee. His indorsee may, without himself indorsing it, transfer it, and cut off all defenses. On the other hand, it is elementary that the indorser may enlarge his liability without destroying the right of his indorsee to protection as an innocent purchaser. . . He may incur more liability, or less liability, or no liability at all; and yet the purchaser may be an indorsee, and protected as such. Nor is the form of the indorsement material. It is an indorsement, although it is in terms an assignment. This was held at an early time in England: Richards *v.* Frankum, 9 Car. & P. 221. And, with the exception of two States, it appears to be the law in this country." See also 2 Rand. Com. Paper (2d ed.), § 704; 2 Daniel on Neg. Inst. (5th ed.), §§ 1781 et seq.; Partridge *v.* Davis, 20 Vt. 499; Bissell *v.* Gowdy, 31 Conn. 47; Judson *v.* Gookwin, 37 Ill. 286; Robinson *v.* Lair, 31 Iowa, 9; Kellogg *v.* Douglas County Bank, 58 Kan. 43 (48 Pac. 587, 62 Am. St. R. 596); Williams *v.* Hagar, 50 Me. 9; Elgin City Banking Co. *v.* Zelch, 57 Minn. 487 (59 N. W. 544); Buck *v.* Davenport Sav. Bank, 29 Neb. 407 (45 N. W. 776, 26 Am. St. R. 392); Heard *v.* Dubuque County Bank, 8 Neb. 10 (30 Am. R. 811); Delsman *v.* Friedlander, 40 Or. 33 (66 Pac. 297); Barrett *v.* May, 2 Bailey (S. C.), 1; Donnerberg *v.* Oppenheimer, 15 Wash. 290 (46 Pac. 254); National Exchange Bank *v.* McElfish Clay Mfg. Co., 48 W. Va. 406 (37 S. E. 541); Walker *v.* O'Reilly, 7 U. C. L. J. 300.

We now come to consider more particularly the statute and decisions in this State. By the Civil Code, § 4275, it is declared that

"any person indorsing or transferring a negotiable instrument may limit his own liability upon such indorsement or transfer; by express restrictions therein." This declares a general rule, and expressly recognizes the right in this State of a person indorsing a negotiable instrument to limit his liability. If there is no limitation, but a mere indorsement in blank, the general liability resulting therefrom applies. No reason appears why an indorser may not enlarge his liability as well as limit it. The writing of his name upon the back of a negotiable note by the payee thereof constitutes an indorsement. The addition of a limitation or enlargement of liability does not make it cease to be an indorsement sufficient to carry title to the note, although it may restrict or enlarge the liability of the indorser. From an early date it has been recognized in the decisions of this court that no express form of words was necessary to constitute an indorsement which would operate to convey title. There is, strictly speaking, a difference between an indorsement and an assignment; but in *Vanzant* v. *Arnold,* 31 *Ga.* 210, it was held that where defendants negotiated notes with the following entry on the back: "For value received we assign the within notes to A., J. & H., and H. E. D. & Co., waiving demand and notice, and guarantee the payment of the same," they were liable as indorsers. In *Geiser Mfg. Co.* v. *Jones,* 90 *Ga.* 307, on the back of a note payable to the Geiser Manufacturing Co., or order, Jones & Toole, who were neither makers nor the payees, made and signed this indorsement: "For a consideration not herein named, we guarantee the payment of this claim to the Geiser Manufacturing Co." It was held that the making of this entry by such third parties on the back of the note did not constitute them indorsers, but guarantors. In the opinion Chief Justice Bleckley said: "By its very nature a contract of indorsement can not be entered into with the payee of a promissory note as indorsee; but a contract of guaranty may be made with him as well as with any subsequent holder. Nor does the mere indorsement of a contract upon a note render the signer of the contract an indorser, within the legal and proper meaning of the term. It is true that in a physical sense he is an indorser by the mere position of his name upon the paper; but we apprehend that the constitution intends by the term 'indorser' to refer to a person who has entered into a contract of indorsement as distinguished from

contracts of a different class.    Had the Geiser Manufacturing
Company, the payee of these notes, signed a contract upon them
with a third person in the terms of that placed thereon by Jones
& Toole, and had then or afterwards negotiated them to such third
person, the Geiser Company could, under our law, be sued and
made answerable as indorser." It has been suggested that the last
sentence, as to what would have been the effect of signing such a
contract on the back of the note by the payees thereof, was obiter
dictum.    Perhaps it was so; but it was a dictum of a great and
learned judge, and correctly states the law of Georgia. Nor do we
think that this statement was in conflict with the rest of the de-
cision.    The difference between· an indorsement on a promissory
note by one who is not the payee thereof, who has no title to trans-
fer, and who can not indorse the note to the promisee of it, in the
legal meaning of that term, and a similar indorsement placed on
the note by the payee thereof in the progress of negotiating it, is
great.    In *Pattillo* v. *Alexander, 96 Ga.* 60 (22 S. E. 646, 29 L. R.
A. 616), a promissory note was executed and payable in the State
of Tennessee to a named payee or order. It was presumed that
the common law was in force there, and the case was considered in
the light of that law.    The payee wrote on the back of the note
above his signature these words: "I guarantee attorney's fees up
to ten per cent., if this note has to be collected by law, on [and?]
its prompt payment." It was held, that, this agreement having
been made for the purpose and in the course of negotiation, by its
terms the payee became an indorser and liable as such, with a
superadded liability for such reasonable sums, not exceeding 10
per cent., as might be expended for attorney's fees by the holder
in the collection of the note; and further, that, in order to hold
such indorser for the payment of the note, it was incumbent upon
the plaintiff to prove presentation and notice of non-payment by
the maker. If that indorsement in the course of negotiation made
the payee liable as an indorser with a superadded liability, and im-
posed upon the purchaser the duty of treating him as an indorser,
surely it was a sufficient indorsement to transfer the title to the
note, and accordingly to afford to the holder, if he took before
maturity, for value, and without notice, the protection against
defenses applicable to such a situation.    After an extended dis-
cussion for the purpose of establishing the ruling above stated, the

case of Trust Company v. National Bank, 101 U. S. 68, supra, was cited. Doubtless in consideration of the high authority of the Supreme Court of the United States, some effort was made to differentiate the case then under consideration from the one cited. But whether this was successfully done or not, the whole trend of the opinion establishes the principle which has been above announced. There were also some suggestions as to possibilities in cases of a different character. These were not authoritative rulings, and we need not discuss them.

In connection with the decision of the Supreme Court of the United States in the case mentioned, attention may be called to the case of Snevily v. Ekel, 1 Watts & S. 203, supra, which was there cited as authority. In that case a promissory note was made by John Smull, payable to John Snevily or order. On the back of it were written the words: "I transfer the within note to John Ekel and guarantee the payment of the same," after which was signed the name of John Snevily, and below it the name of John Ekel. It was held that this was a special guaranty of payment, and could not be treated as a blank indorsement so as to enable any holder to sue the guarantor in his own name. If this ruling was based on the ground that it was a transfer and contained a guaranty of payment, it was directly in conflict with the ruling of this court in *Vanzant* v. *Arnold,* supra. Note also Dunning v. Heller, 103 Pa. 269, 272.

In *Baldwin Fertilizer Co.* v. *Carmichael,* 116 *Ga.* 762 (42 S. E. 1002), an entry was made on the back of a note by the payee thereof, or his attorney, in these words: "For value received, I transfer the within note to Baldwin Fertilizer Co., and guarantee it as free from any defense that could be made under sec. 2785 of the Code of Georgia, and also guarantee payment in full on the day it is due." It was held that this was a contract of indorsement. In the opinion Mr. Justice Cobb said: "Under the former decisions of this court, the contract sued on seems to be one of indorsement. It was made, according to the allegations of the petition, for the purpose of transferring the note to the plaintiff in satisfaction of a claim held by it against the defendant, and the mere use of the word 'guarantee' will not make the contract one of guaranty. The case of *Pattillo* v. *Alexander,* 96 *Ga.* 60, seems to be controlling in principle on the question."

It has been suggested that an indorsement of the character of the one now under consideration, accompanied by a physical transfer of the paper, may operate to pass title to the instrument and give the holder the right to treat the payee as an indorser, with a prescribed liability; but that such an indorsement, without express words of transfer or assignment, does not constitute the holder such a purchaser for value as to protect him from defenses already accrued to the maker against the original payee. In this distinction we can not concur. An entry on the back of a note payable to order, signed by the payee, is either an indorsement or it is not an indorsement, in the legal sense of the term. Of course, an entry may be physically indorsed or written on the back of a note, without being in the legal sense an indorsement; but we are unable to accede to the proposition that it may be both an indorsement and not an indorsement. If it is such an indorsement of a negotiable note as will pass the legal title to it upon delivery, and will place on the indorsee the duty of recognizing the indorser as such and of treating him as an indorser under the law merchant, it would be peculiar if it were an indorsement to the holder for burdens, but not for benefits. We can not concur in the argument that the indorsement under consideration is an indorsement sufficient to carry legal title upon delivery, but not sufficient to give the corresponding benefit to him who thus acquires it, arising from being a bona fide taker before due, and for value. In some of the cases before this court, and other courts, the question has been not whether the addition of words of transfer or assignment and warranty to the indorsement aided it, but whether they prevented its being an indorsement in the legal sense, on the ground that they were not words strictly descriptive of that relation. Of course there must be delivery of the instrument in order to carry title, even with the most formal or general indorsement.

The note now under consideration was payable to the order of the payees. When they wrote upon the back of it that for value received they warranted the makers of the note financially good on execution, and sold and delivered it for value to a third person, with no other indorsement (save an entry of a credit), it must be assumed that they intended to accomplish something by so doing. They did not intend to warrant to themselves the financial standing of the makers, nor did they mean that they had received value

from themselves for so doing. If not to themselves, then to whom did they make such warranty? Clearly to some other person who should be the owner of the note. Moreover, the statement that the financial status of the makers was warranted "good on execution" indicates the expectation that execution would issue in favor of some person other than themselves against the makers. But unless this indorsement and delivery for value carried the legal title to the note to the person to whom it was so delivered, it would remain in the payees, and no execution could issue in favor of another person. Nor can we agree with the statement made in Lamourieux v. Hewitt, 5 Wend. (N. Y.) 308, which is cited by the Supreme Court of the United States in the Trust Company case to which reference has already been made, that the payee making such an indorsement on a note would be liable upon his guaranty, not as an indorser of negotiable paper, but as a party to a special contract "which might have been written on a separate piece of paper as well as on the back of the note." In that clause inheres the fallacy of the argument. There is a wide difference between writing on a separate piece of paper and a payee's writing something over his name on the back of a promissory note. If he should simply write his name on a separate sheet of blank paper, it would bind him to nothing; but if he writes his name on the back of a promissory note payable to his order, he becomes an indorser. So, if he should write an assignment, or a guaranty, on a separate sheet of paper and sign it, that would be a distinct contract; but when he writes his name upon the back of a note payable to his order, the addition of words which either limit or enlarge the usual liability on his part which would arise from a blank indorsement does not destroy the fact that the entry is an indorsement upon a negotiable paper, or prevent its efficacy as a method of passing the legal title upon negotiation, at least unless there is something in the indorsement to show an intention to destroy the negotiable character of the paper.

2. What has been said above practically controls the entire case. The plaintiffs alleged that they bought the note from the payees for value, before due, and without notice of any defense. The defendants first denied this in their answer, but they withdrew their denial. This left it to be taken as true, and they evidently placed their reliance upon the question of the sufficiency of the

indorsement to pass the legal title so as to cut them off from certain defenses which they claimed to have as against the original payees. These defenses were not of a character which, under the statute, could be set up against a bona fide holder for value, before maturity, and without notice. It follows from what has been said, that the legal title to the note passed to the plaintiffs, and that there was no error in striking the answer and directing a verdict in their favor, under the evidence. No question was raised as to whether a verdict or a judgment without a verdict was proper.

*Judgment affirmed. All the Justices concur.*