### 13525.   HOOPER *v.* BANK OF HIAWASSEE.

1. The words " payment guaranteed," signed by the payees and entered upon the back of a promissory note which contains a retention of title to property therein described, to secure its payment, is sufficient as an endorsement to transfer the title both of the note and of the property. *Hendrix* v. *Bauhard,* 138 *Ga.* 473 (1) ; Civil Code (1910), § 4276.

2. " Where one sells personal property, taking a purchase-money note reserving title in the property until the note is paid, the holder of such note may recover the property in an action of trover upon failure of the maker of the note to pay the same." *Jordan Mercantile Co.* v. *Brooks,* 149 *Ga.* 157 (99 S. E. 289).

DECIDED FEBRUARY 8, 1923.

Trover; from Madison superior court — Judge W. L. Hodges. March 18, 1922.

*Berry T. Moseley,* for plaintiff in error.

*Clarence E. Adams,* contra.

BELL, J.   The Bank of Hiawassee, the defendant in error, sued Joe Hooper, the plaintiff in error, in trover for the recovery of a mule, and relied upon a purchase-money note executed by one Carroll to Johnson and Galloway, in which the title to the mule was reserved in the vendor until payment of the purchase-money, the bank claiming to have acquired title both to the note and to the property therein described, by an entry made upon the back of the note by the payees in the following words:   " Payment guaranteed. Johnson & Galloway, by J. B. Johnson." During the trial the defendant, who had denied the title of the bank, objected to the introduction of this note and the entry, upon the ground that the entry is not sufficient to pass the title to the mule out of the original payees and into the bank, and that the title to the mule is in Johnson & Galloway and not in the Bank of Hiawassee.   The court overruled this objection and admitted the

evidence. The verdict was for the plaintiff. The defendant's motion for new trial having been overruled, he excepted.

The controlling question is whether or not the entry quoted is sufficient as an indorsement to transfer the legal title of the note. Under the decisions of this court in the cases of *Andrews* v. *John Church Co.*, 1 *Ga. App.* 560 (3), and *Lowry National Bank* v. *Maddox*, 4 *Ga. App.* 329 (2), the answer would be in the negative, but these cases upon the point in question are at variance with the later decision of the Supreme Court in the case of *Hendrix* v. *Bauhard*, 138 *Ga.* 473 (75 S. E. 588, 43 L. R. A. (N. S.) 1028, Ann. Cas. 1913D, 688. The *Hendrix* case does not refer to either of the Court of Appeals cases, but expressly mentions and declines to follow the doctrine of Central Trust Company *v.* First National Bank, 101 U. S. 68, which was cited and relied upon by the Court of Appeals. The *Hendrix* case, in our judgment, is direct authority for the proposition that the language contained in the entry is sufficient to constitute an indorsement and to transfer the title of the note. The bank, having acquired the title to the note, acquired also the title to the property therein described. " The transfer of notes secured by a mortgage or otherwise conveys to the transferee the benefit of the security." Civil Code (1910), § 4276. See also *Jordan Mercantile Co.* v. *Brooks,* supra.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*