# McKEE v. DISTRICT NATIONAL BANK.

BILLS AND NOTES; AFFIDAVITS OF DEFENSE; CORPORATIONS.

In an action by the holder of a promissory note, a bank, against the maker and indorser, an affidavit of defense by the maker, to the effect that the plaintiff is not the legal owner and holder of the note, is insufficient to prevent a summary judgment against him, where it appears that the note was payable to a corporation; that it was first indorsed by the corporation, and then by an individual, and then indorsed for deposit to the credit of the corporation, which last indorsement was signed by the corporation by its president, and was followed by a guaranty of payment and a waiver of protest, demand, and notice, signed by the corporation and its president. (Citing secs. 1334 and 1341, D. C. Code [31 Stat. at L. 1399, 1400, chap. 854.]

No. 2374.   Submitted March 4, 1912.   Decided April 1, 1912.

HEARING on an appeal by one of several defendants from a judgment of the Supreme Court of the District of Columbia, under the 73d rule of that court, for want of a sufficient affidavit of defense in an action on a promissory note.   *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a summary judgment entered in accordance with the 73d common-law rule of the supreme court of the District of Columbia.

The declaration of the District National Bank alleges that on January 2, 1910, the defendant Thomas H. McKee executed a promissory note whereby he promised to pay, on demand, to the order of Samuel H. Moore Company, the sum of $1,190, with interest at the rate of 6 per cent per annum until paid. Said note was delivered to said Samuel H. Moore Company, and afterwards, and before maturity, said Samuel H. Moore Company and Samuel H. Moore indorsed and delivered the

same to the plaintiff, who thereby became the legal owner and holder thereof. That demand has been made of the defendant for payment, which he has failed to make. That said note has been regularly protested for nonpayment. The declaration concludes with the ordinary common counts. Samuel H. Moore Company and Samuel H. Moore are also made defendants.

The note filed as "particulars of demand" reads as described in the declaration.

Indorsements on the back of the note show first the signatures of Samuel H. Moore Company and Samuel H. Moore; second made by means of a rubber stamp), "For deposit to the credit of the Samuel H. Moore Co., per Samuel H. Moore, President." Third (made by means of rubber stamp), "For value received—hereby guarantee the payment of the within note and any renewal of the same, and hereby waive protest, demand, and notice of nonpayment thereof." This is followed by the signatures of Samuel H. Moore Company and Samuel H. Moore.

The supporting affidavit made by the cashier of the plaintiff alleges the execution of the note as described, and the genuineness of the signatures of the maker and indorsers; and that before the maturity thereof the said note was delivered to the plaintiff, discounted to the credit of the Samuel H. Moore Company, and the money paid to it. The affidavit states that demand was made of the maker, and that the note has never been paid, the amount due being $1,190 with 6 per cent interest from January 2, 1910, exclusive of all set-offs and just grounds of defense.

Five pleas were entered by the defendant McKee, which present, in different forms, the one defense, that the plaintiff is not the legal owner and holder of said note, because the indorsements thereon show it was deposited to the credit of Samuel H. Moore Company, with guaranty of payment, but without transferring title and ownership. The affidavit of defense alleges the same thing. Execution of the note, demand for payment, and the discount of the same, and payment of the proceeds to the Sam-

uel H. Moore Company are not denied, nor any other de-
fense alleged.

*Mr. Heber J. May* for the appellant.

*Mr. Charles F. Carusi* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the
Court:

The assignments of error present a question of law only.
The contention is that the effect of the first rubber stamp in-
dorsement is to constitute the plaintiff the holder of the note
for the credit of the Samuel H. Moore Company, and the sec-
ond is a guaranty of payment merely by the Samuel H. Moore
Company and Samuel H. Moore, and not sufficient to pass the
legal title to the plaintiff. The case relied on in support of the
contention is *Central Trust Co.* v. *First Nat. Bank,* 101
U. S. 68, 25 L. ed. 876. In that case the Wyandotte Bank,
under an arrangement with the Cook County Bank, executed its
note for $5,000 to the order of the latter bank. The arrange-
ment was that the Wyandotte Bank should execute the note, and
have the same discounted by the Cook County Bank. The pro-
ceeds were to be entered to the credit of the Wyandotte Bank,
but not to be drawn against so as to reduce it below $4,000.
To the note were attached as collateral security certain county
bonds of the face value of $6,000. The Cook County Bank
was to hold the note as a memorandum, and it was not to be
negotiated or separated from the bonds. The sum of $4,000
remained on deposit as agreed, until the Cook County Bank
failed and passed into the hands of a receiver. At that time
there was an additional credit of the Wyandotte Bank of $868.
Before the maturity of the note the Cook County Bank, in viola-
tion of the agreement, delivered the note to the trust company,
the bonds being retained. The trust company had no knowl-
edge of the agreement concerning the note. The Wyandotte
Bank, tendering the balance of $132, filed a bill against the

receiver and the trust company to compel the surrender of the note and bonds. It was said by the court: "The note was not indorsed to the trust company, and it was not therefore taken in the usual course of business by that mode of transfer in which negotiable paper is usually transferred. Had it been indorsed by the Cook County Bank, it may be that the trust company would hold it unaffected by any equities between the maker and the payee. But instead of an indorsement, the president of the Cook County Bank merely guaranteed its payment, and handed it over with this guaranty to the trust company. The note was not even assigned. There was written upon it only the following: 'For value received, we hereby guarantee the payment of the within note at maturity, or at any time thereafter, with interest at 10 per cent per annum until paid, and agree to pay all costs and expenses paid or incurred in collecting the same. B. F. Allen, President.' In no commercial sense is this an indorsement, and probably it was not intended as such. Allen had agreed that the note should not be negotiated, and for this reason, perhaps, it was not indorsed. That a guaranty is not a negotiation of a bill or note as understood by the law merchant is certain. * * * In this case, the guaranty written on the note was filled up. It expressed fully the contract between the Cook County Bank and the trust company. Being express, it can raise no implication of any other contract."

The conditions of the case at bar are quite different. The note was first indorsed in blank by the Samuel H. Moore Company and Samuel H. Moore. It was discounted, and the proceeds paid over to the indorser. The affidavit of defense, following the pleas, does not deny the execution and delivery of the note, nor does it allege any equity of the maker against the payee. It raises the question of legal ownership only by the plaintiff. The first indorsement was sufficient to pass the title to the indorsee. Code sec. 1334. Even if the subsequent rubber stamp indorsements are to be considered as restrictions of the first, constituting the indorsee the agent or trustee, merely, of the indorser, the indorsee has the right to bring any action

thereon that the indorser could bring. Code sec. 1341 [31 Stat. at L. 1400, chap. 854.]

Whether the first indorsement was restricted or qualified by the subsequent indorsements (one unsigned, the other signed), so that any equities of the maker against the payee would be preserved, is a question that does not arise.

We find no error in the judgment, and it will be affirmed, with costs.                              *Affirmed.*